# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**BRIDGET GORDON,**

      **Plaintiff,**

v.                                                   **CASE NO. 3:23-cv-00099-RGJ-CHL**

**KING FINANCIAL REPAIR, LLC,**

      **Defendant.**

## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

Date of Conference: May 18. 2023.

**For Plaintiff:**

Chad W. Eisenback, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
ceisenback@sulaimanlaw.com
Phone: 630-575-8181
Fax: 630-575-8188
*Counsel for Plaintiff*

**For Defendant:**

Jan M. West
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street
Prospect, KY 40059
Jwest@goldbergsimpson.com
Phone: (502) 589-4440
FAX: (502) 581-1344
*Counsel for Defendant*

## 2. STATEMENT OF JURISDICTION

This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a.** **Plaintiff**: In or around June 2020, Plaintiff was interested in improving her credit rating by resolving various debts that were appearing on her credit report. Plaintiff subsequently happened upon Defendant's services. Initially, Plaintiff was explicitly informed that if she paid the initial set up fee of $299, then monthly payments of $147 to Defendant over a period of time, Defendant would be able deliver results such as improving her credit rating, and resolve outstanding debts negatively reporting within 90 days. Plaintiff detrimentally relied on Defendant's promises. Specifically, Defendant promised that the monthly payment would include written disputes to all three major credit reporting agencies to remove any inaccurate and negatively reporting trade line from her consumer reports. After completing some of payments to Defendant, Plaintiff was growing increasingly more disappointed in Defendant's failure to improve her credit rating and remove items from her report, so she expressed her concerns. Specifically, Plaintiff expressed her interest in canceling her contract with Defendant prior to 90 days of enrolled services due to Defendant's failure to remove negatively reporting trade lines or improved her credit rating. Defendant was unable to alleviate Plaintiff's concerns and warned Plaintiff that she would be unhappy with her credit in the future should she decide to cancel her contract. Upon information and belief, Plaintiff had met all the stipulated criteria to receive refund as written in Defendant's 90 Day Money Back Guarantee clause. Furthermore, Plaintiff decided not to cancel her contract until she reached 90 days to allow Defendant to rectify its promise and remove negative items

from her report and increase her credit rating. Unfortunately, Defendant failed to remove negative items from her credit report or improved her credit rating within 90 days, so Plaintiff attempted to retrieve her guaranteed refund. Despite Defendant's 90 Day Money Back Guarantee, Plaintiff was never refunded her money after Defendant failed to improve her credit rating or remove negatively reporting trade lines. Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for Plaintiff to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's credit repair services. Overall, Plaintiff was promised that her credit rating would increase, but despite paying nearly $700 for incomplete services Plaintiff's credit rating failed to increase. Dissatisfied with the significant sums of money paid for deficient credit repair services, Plaintiff cancelled her contract with Defendant after 90 days.

**b.      Defendant:** Defendant asserts that the clear and unambiguous terms of the contract between the parties state that Defendant did not guarantee any outcome or results to Plaintiff. The Defendant has complied in all respects with the CROA as previously found by this Court in *Melinda Spencer, et al. v. King Financial Repair, LLC*, 3:20-CV-803-DJH-RES.

**4. DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

**a.           Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form**: The parties agree to exchange electronically stored information in native format when applicable. The parties do not anticipate any issues pertaining to electronically stored information.

**b.           Statement as to when Rule 26(a)(1) disclosures were made or will be made:** The parties anticipate that the Rule 26(a)(1) disclosures will be made on or before **June 14, 2023**.

3

**c.** **Statement concerning a description of the subjects that require discovery:**

**Plaintiff:** Plaintiff states that discovery is needed for Defendant's policies and procedures; account notes, records of all internal and external communications between Plaintiff and Defendant; Defendant's communications to the Credit Reporting Agencies and Enrolled Creditors regarding Plaintiff's enrolled debts.

**Defendant**: The Parties will follow the requirements of Rule 26.

**d.** **Discovery Cut-off: November 17, 2023.**

**e.** **Statement concerning perceived issues regarding maximum number of interrogatories by each party to another party, requests for admission, and/or depositions;**

Parties have no issues regarding maximum number of interrogatories by each party to another party, requests for admission, and/or depositions.

**f.** **Statement concerning dates for exchanging any reports of expert witnesses;**

The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2): **October 1, 2023.**

The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2): **October 31, 2023.**

**g.** **Statement concerning dates for supplementations under Rule 26(e);**

**October 31, 2023.**

**h.** **Statement concerning dates for the plaintiff to amend pleadings or to join parties;**

**June 30, 2023.**

**i.** **Statement concerning dates for the defendant to amend pleadings or to join parties;**

**July 21, 2023.**

**j.** **Statement concerning dates to file dispositive motions; January 5, 2024.**

**k.** **Statement concerning the parties' estimate of the time necessary to file pretrial motions including Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists;** <u>December 1, 2023.</u>

**l.** **Statement concerning final dates to file objections under Rule 26(a)(3);** <u>January 12, 2024.</u>

**m.** **Statement concerning the parties' belief as to whether the matter is suitable for some form of alternative dispute resolution such as mediation;** The parties agree that this matter is suitable for some form of alternative dispute resolution such as mediation.

**n.** **Statement concerning the parties' estimate as to the probable length of trial;** <u>3 days.</u>

**o.** **Statement concerning the parties' decision as to whether the matter may be referred to a United States Magistrate Judge for all purposes including entry of judgment pursuant to 28 U.S.C. §636(c);** The Parties do not unanimously consent to proceed before a Magistrate Judge.

**p.** **Statement concerning the dates mutually convenient for trial.** <u>April 2024.</u>

Dated: May 19, 2023

*/s/ Chad W. Eisenback*  
Chad W. Eisenback, Esq.  
Sulaiman Law Group, Ltd.  
2500 S. Highland Avenue, Suite 200  
Lombard, IL 60148  
ceisenback@sulaimanlaw.com  
Phone: 630-575-8181  
Fax: 630-575-8188  
*Counsel for Plaintiff*

*/s/ Jan M. West*  
Jan M. West  
Goldberg Simpson, LLC  
Norton Commons  
9301 Dayflower Street  
Prospect, KY 40059  
Jwest@goldbergsimpson.Com  
PH: (502) 589-4440  
FAX: (502) 581-1344  
*Counsel For Defendant*