UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| BRIDGET GORDON | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| v. | ) | CIVIL ACTION NO. 3:23-CV-99-RG |
| | ) | |
| | ) | |
| KING FINANCIAL REPAIR, LLC | ) | **Electronically Filed** |
| | ) | |
| DEFENDANT | ) | |
| | ) | |
| | ) | |

## KING FINANCIAL REPAIR, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS

Comes the Defendant, King Financial Repair, LLC ("King"), by counsel, and for its response to the motion to dismiss filed by the Plaintiff, Bridget Gordon ("Plaintiff") states as follows:

### INTRODUCTION

Despite the entire basis of Plaintiff's claims hinging on the credit repair contract signed by the Plaintiff, Plaintiff has nonetheless moved to dismiss King's counterclaim for Plaintiff's unpaid debt, which unequivocally arises out of the same transaction and occurrence as Plaintiff's claims. Jurisdiction is therefore proper as the Court has supplemental jurisdiction over King's counterclaims. Accordingly, and for the reasons stated below, King respectfully requests that the Plaintiff's motion to dismiss be denied.

### STATEMENT OF FACTS

King is a credit repair organization pursuant to the Credit Repair Organizations Act and provides credit repair services to customers by preparing correspondence to credit bureaus to and using its best efforts to request removal of errors, misrepresentations, or

unverifiable information on the customers' credit reports (Counterclaim, par. 1). The services provided by King also include an initial credit audit and development of a plan to delete, correct or change inaccurate, unverifiable or obsolete items on a customer's credit report (Counterclaim, par. 2). Additional services provided by King are the preparation of letters to credit bureaus to request removal of errors, misrepresentations or unverifiable or obsolete information (Counterclaim, par. 3).

King customers agree to make monthly payments to King in the amount of $147.00 per month for a minimum of six months (Counterclaim, par. 5). The Contract provides that if a customer cancels the Contract prior to six months or fails to comply with the terms of the Contract, the fees for King services will be billed at $75.00 per disputed item (Counterclaim, par. 6).

King and Plaintiff entered into a contract for King to provide credit repair services to Plaintiff in June, 2020 (the "Contract")(Counterclaim, par. 8). King provided monthly services to Plaintiff for June and July, 2020 and Plaintiff paid the fees for those months but failed to pay the monthly fee in August (Counterclaim, par. 9-13).

Plaintiff then requested return of the money she had paid under a 90- day money back guarantee included in the Contract (Complaint, par. 20). However, Plaintiff failed to meet the requirements for the guarantee. She then sued King alleging violations of the CROA and seeking damages. King filed a Counterclaim alleging that Plaintiff owed King for its services in the amount of $75.00 per disputed item per the terms of the Contract.

## LEGAL STANDARD

### I. King's Counterclaim Arises out of the Same Case and Controversy as Plaintiff's Complaint.

When ruling on a motion to dismiss, courts must construe the complaint in the light most favorable to the non-moving party, accept the non-movant's allegations as true, and draw all reasonable inferences in favor of the non-movant. *See Royal Truck & Trailer Sales and Service, Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020).

Federal Rule of Civil Procedure 13(a) requires defendants to "state as a counterclaim any claim that ... [they have] against an opposing party if the claim ... arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a); *see also Preferred Care of Delaware, Inc. v. Crocker*, 173 F. Supp. 3d 505 (W.D. Ky. 2016); *Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.*, 214 F.3d 770, 772 (6th Cir.2000). According to the Sixth Circuit Court of Appeals, "this rule serves the desirable goal of bringing all claims arising out of the same transaction or occurrence before the court in a single action." *Bluegrass Hosiery*, 214 F.3d at 772 (citing *United States v. Snider*, 779 F.2d 1151, 1157 (6th Cir.1985)).

When a district court has original jurisdiction over a civil action, 28 U.S.C. § 1367(a) grants the district court "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

## **ARGUMENT**

The Court has subject matter jurisdiction over this action because the Complaint and Counterclaim allege violations of the Credit Repair Organization Act ("CROA"). 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over King's counterclaims, including its

breach of contract claims, because they arise from the same case and controversy as the Plaintiff's federal claim. See 28 U.S.C. § 1367(a).

## I. Federal Jurisdiction Exists Over King's Counterclaims.

Federal question jurisdiction requires that the federal element appears on the face of a well-plead complaint, is a substantial component of the complainant's claim, and is of significant federal interest. 28 U.S. Code § 1331. Here, King satisfies federal subject matter jurisdiction requirements because King's counterclaim pleads issues previously decided by this Court in *Melinda Spencer, et al. v. King Financial Repair, LLC*, Civil Action No. 3:20:CV-803-DJH, and furthermore because the issues presented fall under the purview of federal statute and this Court's prior interpretations concerning the CROA.

## II. The Court has Supplemental Jurisdiction Over King's Counterclaims Because They Arise from the Same Case and Controversy as Plaintiff's Federal Claims.

In the alternative that the Court does not find federal question jurisdiction to apply to King's counterclaim, Plaintiff's motion nevertheless fails as a matter of law because supplemental jurisdiction exists over King's counterclaims. "Supplemental jurisdiction" allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in action within such original jurisdiction that they form part of same case or controversy. *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998). In cases where a defendant's counterclaim arises out of the formation and alleged breach of contract, federal courts have consistently exercised supplemental jurisdiction over a defendant's contractual counterclaims, because it arises out of the common nucleus of operative facts as the plaintiff's claims – i.e., the underlying contract and agreement by the parties. *See Spencer v. King Financial Repair, LLC,* 3:20-CV-803-DJH-RSE, 2022 WL 2496209 (W.D. Ky. July 6, 2022) (**Exhibit 1**); *Federal Insurance*

4

*Company v. Speedboat Racing Ltd.,* 200 F. Supp. 3d 312 (D. Conn. 2016); *Tjeknavorian v. Mardirossian*, 56 F. Supp. 3d 561 (S.D.N.Y. 2014).

## III. Congress Did Not Intend for a Categorical Bar of Counterclaims.

The Plaintiff has no legal right to avoid a counterclaim under the guise of a proclaimed "chilling effect". In her motion to dismiss, Plaintiff vastly overstates the scope and protections afforded to consumers under the CROA by confusing the inapposite rationale of the Fair Credit Reporting Act ("FCRA"). Tellingly, Plaintiff cites no Sixth Circuit authority that has ever stricken a counterclaim under the CROA on grounds of public policy, law, or otherwise. Instead, the Plaintiff relies almost exclusively on *Tillman v. Michigan First Credit Union*, No. 19-12860, 2020 U.S. Dist. LEXIS 139056 (E.D. Mich. Aug. 5, 2020), which focuses *exclusively* on the FCRA and does not even discuss the CROA once. As such, the Plaintiff's reliance on *Tillman* and inapplicable FCRA authorities is misplaced.

Had Congress meant to categorically prohibit such a vital legal remedy to credit repair organizations like King in the CROA, it would have certainly done so in a manner less obtuse or far-reaching than what the Plaintiff suggests. When the CROA has restricted the use of legal remedies in other contexts, it has done so with a clarity that far exceeds Plaintiff's attenuated theory. *See CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 132 S. Ct. 665, 181 L. Ed. 2d 586, 672 (2012). As this Court found in *Spencer v. King Financial Repair*, LLC, 3:20-CV-803-DJH-RSE, as recently as July 6, 2022, King's counterclaims are compulsory and arise out of the same issues of operative facts as the complaint: the underlying credit repair contract. Accordingly, King respectfully requests that the Plaintiff's motion to dismiss be denied.

## CONCLUSION

For the reasons stated above, the Defendant/Counterclaimant, King Financial Repair, LLC, respectfully requests that the Plaintiff's motion to dismiss be DENIED.

Respectfully submitted,

/s/ Jan M. West_____
Jan M. West
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street
Prospect, KY 40059
jwest@goldbergsimpson.com
PH: (502) 589-4440
FAX: (502) 581-1344
*Counsel for Defendant, King Financial Repair, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2023, the foregoing was served via electronic mail to the following:

Chad W. Eisenback, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lambard, IL 60148
ceisenback@sulaimanlaw.com

/s/ Jan M. West_____
Jan M. West, *Counsel for Defendant*