UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRIDGET GORDON                                                                                                    Plaintiff

v.                                                                               Civil Action No. 3:23-cv-99-RGJ-CHL

KING FINANCIAL REPAIR, LLC                                                                               Defendant

* * * * *

**SCHEDULING ORDER**

The Court conducted a telephonic Federal Rule of Civil Procedure 16 scheduling conference in this matter on June 8, 2023, with the following counsel participating:

For Plaintiffs:       Chad W. Eisenback

For Defendant:    Jan M. West

Based on the discussion during the conference, the Joint Report of the Parties' Planning Meeting [DE 14], and the Court being otherwise sufficiently advised, it is hereby **ORDERED** the following deadlines and conditions shall be observed in this action:

**Fact Discovery**.

    a) Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than **June 14, 2023**.

    b) Any motion to join additional parties or amend pleadings shall be filed by plaintiff no later than **June 30, 2023**, and by defendant no later than **July 21, 2023.**

    c) The parties are under a continuing duty under Rule 26(e) to supplement their disclosures and responses whenever reasonably appropriate;

    d) The parties shall complete fact discovery no later than **November 17, 2023.**

    (2)    **Expert Discovery**.

        a) Identification of experts in accordance with Rule 26(a)(2) shall be due:

           i. By Plaintiff(s):   No later than **October 1, 2023**

           ii. By Defendant(s):  No later than **October 31, 2023**

        b) At the time expert reports and supplementation of the reports are exchanged, at least two proposed dates for the deposition of each expert witness within the following thirty days shall be provided.

        c) All expert discovery shall be completed by **November 17, 2023**

    (3)    **Joint Status Report and Conference at the Close of Discovery**.

        a) A telephonic status conference is scheduled for **October 17, 2023, at 10:00 a.m.** before the Honorable Colin H. Lindsay, United States Magistrate Judge. Counsel shall connect to the conference by dialing 1-888-808-6929, access code 2773744.

        b) By no later than **October 10, 2023**, the parties shall file a joint status report with the Court that includes the parties' positions on mediation.

    (4)    **Dispositive and Expert Motions**. No later than **January 5, 2024**, counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The party filing the last pleading in response to such motions shall notify the Court by email to the Court's Deputy, Ms. Andrea Morgan by email at andrea_morgan@kywd.uscourts.gov, with copies to

opposing counsel, that the motions are ripe for decision. Applications for extensions of time will be granted only upon good cause shown.

    (5)    **Pretrial Conference**. This matter is assigned for a Pretrial Conference before the trial judge on **July 23, 2024, at 1:30 p.m.** at the Gene Snyder U.S. Courthouse, Louisville, Kentucky.

    a) No later than **twenty-one (21) days before the Pretrial Conference**, counsel shall file:

        i. a list of witnesses in accordance with the Fed. R. Civ. P. 26(a)(3). The witness lists shall specify those witnesses who will testify at the trial of this action versus those who may testify, in accord with Fed. R. Civ. P. 26(a)(3)(A) and shall identify all witnesses who will testify by deposition, specifying the portions of such deposition testimony that will be used at trial, in accord with Fed. R. Civ. P. 26(a)(3)(B). The witness lists shall also set forth the subject matter of each witness's testimony and the purpose for which such testimony is offered;

        ii. an exhibit list in accordance with the Fed. R. Civ. P. 26(a)(3). The exhibit list shall include any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements) and shall contain a description of each exhibit in sufficient detail to permit adequate identification thereof;

        iii. any appropriate motions *in limine*;

        iv. the transcript of all evidentiary depositions to be used at trial along with any motions for ruling by the court upon any objection made in any

evidentiary deposition to be used at trial on which ruling by the court is necessary prior to trial. **Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the court shall be deemed to be summarily overruled**;

v. a pretrial memorandum brief containing a succinct statement of the facts of the case, the issues of fact to be resolved at trial, the disputed issues of law that must be resolved in connection with the trial, and a brief summary of the party's position on each disputed issue of fact or law, and;

vi. proposed agreed jury instructions and verdict forms. Counsel shall exchange drafts of instructions and verdict forms in advance and endeavor to agree; in the absence of agreement, separate instructions and verdict forms shall be filed, by the same deadline, including citation to supporting authorities; and

vii. proposed *voir dire* questions for the Court's use and a joint statement of the case that may be read to the jury panel during *voir dire*.

b) **No later than fourteen (14) days before the Pretrial Conference**, the parties shall file:

i. written objections, pursuant to Fed. R. Civ. P. 26(a)(3), to the lists of witnesses and exhibits previously filed by any other party. Objections not so disclosed, other than objections under Rules 402 and 403 of the

4

     Federal Rules of Evidence, **shall be deemed waived unless excused by the court for good cause shown**;

  ii. responses to any other party's motion *in limine*; and

  iii. responses to any other party's motion for a ruling on any objection made in an evidentiary deposition.

 c) At the Pretrial Conference, counsel for the parties shall be prepared to:

  i. discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action;

  ii. disclose any demonstrative or summary exhibits intended for use at trial;

  iii. display to the court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule. Counsel shall provide the court with a copy of all documentary exhibits. **Failure to disclose exhibits to the Court and to opposing counsel at the Pretrial Conference shall be subject to sanctions unless good cause is shown**;

  iv. discuss the possibility of settlement; and

  v. advise the Court of anticipated technological issues that may arise at trial.

 d) The Pretrial Conference shall be attended by all attorneys who will be trying the case along with the parties and/or representatives.

(6) <u>**Trial.**</u> This action is hereby set for a jury trial on **September 3, 2024, at 9:30 a.m.** at the Gene Snyder United States Courthouse, Louisville, Kentucky. Counsel should be present in

the courtroom by 9:00 a.m. The anticipated length of trial is 3 days. The Western District of Kentucky's plan for the qualification and random selection of jurors, General Order 2013-02, is available on the Court's website at https://www.kywd.uscourts.gov/jury-info. Pursuant to Section 5.02 of the Plan, "the names of persons assigned to individual petit jury panels, as well as the contents of their juror qualification questionnaires, may be disclosed to the parties seven days prior to the trial date unless otherwise ordered by the court."

(7) **Discovery Disputes**. **Motions on discovery and scheduling disputes may not be filed without first having a joint telephonic conference with the undersigned. Counsel shall contact Case Manager Theresa Burch (theresa_burch@kywd.uscourts.gov) to schedule the conference.** Pursuant to Local Rule 37.1, prior to filing a discovery motion (i.e., motion to compel, motion for sanctions etc.), all counsel must make a good faith effort to resolve extra judicially any dispute relating to discovery. The Court will not entertain discovery motions unless counsel have conferred – or attempted to confer – with other affected parties in an effort to resolve their dispute. The moving party must attach to every discovery motion a certification that counsel have conferred and are unable to resolve their differences. The certification must detail counsel's attempts to resolve the dispute.

(8) **Deadline Extensions. No extensions of the deadlines set in this order, or any deadline set by the Federal Rules of Civil Procedure, shall be granted unless an appropriate motion is filed prior to expiration of the deadline in question, and upon a showing of good cause beyond the control of counsel in the exercise of due diligence**. **In the event all parties agree to extend a deadline set in this order, or a deadline contained in the Federal Rules of Civil Procedure, the parties must file a joint motion attaching the agreed order. This**

**provision shall prevail over Joint Civil Local Rule 7.1 regarding motions to the extent inconsistent therewith.**

(9) The undersigned is conducting settlement conferences both via Zoom and in person. The undersigned also remains available to conduct *ex parte* calls regarding settlement upon request. Any Party who wishes to request either a settlement conference or an *ex parte* call regarding settlement shall e-mail the undersigned's Case Manager, Theresa Burch, at theresa_burch@kywd.uscourts.gov, copying all counsel of record, to request the same. If requesting a settlement conference, the Parties shall confer and state in any request whether they prefer the conference be held in person or via Zoom.

June 14, 2023

**ENTERED BY ORDER OF THE COURT:**
**COLIN H. LINDSAY**
**UNITED STATES MAGISTRATE JUDGE**
**JAMES J. VILT JR., CLERK**
**BY: /s/** *Theresa L. Burch***, Deputy Clerk**

Copies to:    Counsel
              Jury Administrator

:10