UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| BRIDGET GORDON | ) | |
| | ) | |
| PLAINTIFF | ) | |
| v. | ) | CIVIL ACTION NO. 3:23-CV-99-RG |
| | ) | |
| | ) | |
| KING FINANCIAL REPAIR, LLC | ) | **Electronically Filed** |
| | ) | |
| DEFENDANT | ) | |
| | ) | |
| | ) | |

## KING FINANCIAL REPAIR, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO KING'S MOTION TO DISMISS

Comes the Defendant, King Financial Repair, LLC ("King"), by counsel, and for its reply to the Plaintiff's response to King's Motion to Dismiss for Failure to State a Claim pursuant to Fed. Rule Civ. Proc. 12(b)(6), states as follows:

The Plaintiff is attempting to resurrect its deficient complaint by 1) relying on a technical argument that has no merit and 2) stating its intent to request permission to amend its Complaint to add claims and therefore seek to avoid a dismissal of its case.

King asserted as an Affirmative Defense in its Answer that the Complaint should be dismissed for failure to state a claim pursuant to Rule 12. King then filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The Plaintiff claims that the motion was not timely filed, as it was filed after the answer, and should be denied.

Federal district courts in the Sixth Circuit have permitted parties to file post-answer 12(b)(6) motions when the defense was asserted in the answer. *Horen v. Board of Education of Toledo*, 594 F.Supp.2d 833, 840 (N.D. Ohio 2009); *Gillespie v. City of Battle Creek*, 100

F.Supp.3d 625 (W.D. Mich. 2015).  Other courts have simply treated a 12(b)(6) motion as a Motion for Judgment on the Pleadings pursuant to Rule 12(c) as both motions are subject to the same legal standard.   *Satkowiak v. Bay City Sheriff's Department*, 47 Fed. Appx. 376, 377.n. 1 (6th Cir. 2002); *Ruppe v. Knox County Board of Education*, 993 F.Supp.2d 807 (E.D. Tenn. 2014); *Doe v. Sentech Employment Services, Inc.,* 186 F.Supp.3d 732 (E.D. Mich. 2016).

Either way, King's Motion to Dismiss should be decided by this Court prior to Plaintiff being allowed to amend its Complaint.  As the Court held in *Taylor v. Brendon*, 2016 WL 258644 (W.D. Ky. 2016) in which the plaintiff sought to take discovery to bolster its claims, a plaintiff whose complaint is deficient should not be entitled to a fishing expedition for facts to support it (citing, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009).  Similarly, the Plaintiff should not be allowed to amend her complaint in order to save it from dismissal.

Based on the arguments asserted in its Motion to Dismiss, King respectfully requests that the Plaintiff's Complaint be dismissed, with prejudice, pursuant to Fed. Rule Civ. Proc. 12.

Respectfully submitted,

/s/ Jan M. West_____
Jan M. West
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street
Prospect, KY  40059
jwest@goldbergsimpson.com
PH: (502) 589-4440
FAX: (502) 581-1344
*Counsel for Defendant, King Financial Repair, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2023, the foregoing was served via electronic mail to the following:

Chad W. Eisenback, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lambard, IL   60148
ceisenback@sulaimanlaw.com

/s/ Jan M. West_____
Jan M. West, *Counsel for Defendant*