UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00099-RGJ-CHL

**BRIDGET GORDON,**                                                                           **Plaintiff,**

v.

**KING FINANCIAL REPAIR LLC,**                                **Defendant.**

**ORDER**

Before the Court is the Plaintiff's Unopposed Motion for Extension of Time. (DN 30.) Plaintiff requested that the Court extend the fact discovery deadline to January 16, 2023, and thereafter set a status conference "to set expert discovery deadlines, if necessary." (*Id.* at PageID # 140.) The Court finds the latter request somewhat perplexing given that the Court's June 15, 2023, scheduling order set deadlines for exert disclosures that have since expired without a request for extension by any party. (DN 19.)

Further, on October 31, 2023, the Court held a telephonic status conference for which Plaintiff's counsel did not appear. (DN 29.) The Court's post-conference order directed the Parties to file a detailed joint status report on or before November 10, 2023, addressing "what depositions remain to be completed, the dates on which those depositions are scheduled, the month in which it makes sense to schedule a settlement conference in this matter, and whether they request that the settlement conference be held in person or via Zoom." (*Id.*) The Parties did not file this status report as directed.

The status report would have contained exactly the type of information that the Court needed to assess the request now before it. Pursuant to Fed. R. Civ. P. 16(b)(4), the Court may amend the a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P.

16(b)(4).  In evaluating whether a party has shown "good cause," the primary consideration is "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); s*ee also* Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").  Plaintiff's motion states that the Parties have been engaged in settlement negotiations and discovery, including scheduling depositions that did not take place due to "scheduling conflicts."  (DN 30.)  But it does not contain sufficient detail for the Court to make the relevant finding of good cause.  The motion also did not address what impact extension of the fact discovery deadline would have on the current deadline for filing dispositive motions, which is January 5, 2024.  (DN 19.)

In view of these discrepancies and despite the unopposed nature of the motion, the Court will deny the motion without prejudice and require the Parties to file a joint status report as set forth below.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Unopposed Motion for Extension of Time (DN 30) is **DENIED WITHOUT PREJUDICE**.  On or before **December 8, 2023**, the Parties shall file a joint status report that addresses:

(1)   what depositions or other discovery remain to be completed including the dates on which those depositions are scheduled or their best estimate of by when the remaining depositions will be completed;

(2)   whether they are prepared to participate in a productive settlement conference and if so, in what month it makes sense to schedule a settlement conference;

(3)   whether they request that any settlement conference be held in person or via Zoom;

(4)   their joint proposal for any amendments to the remaining deadlines in this matter; and

(5)   the basis for any request that the expert disclosure or discovery deadlines be reset.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record
November 28, 2023

3